United States Bankruptcy Court
Southern District of Texas

**ENTERED**

January 26, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-32078 |
| BERNARD BERGAN, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| KEVIN WONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 25-3431 |
| | § | |
| BERNARD BERGAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Pending before the Court is a single matter self-styled as "Plaintiff's Motion for Summary Judgment" (the "*Motion for Summary Judgment*") filed on September 2, 2025 by Kevin Wong ("*Plaintiff*").[1] Without the need for a hearing, the Court issues the instant Memorandum Opinion and accompanying Judgment.

### I.    JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2] This court determines that pursuant to 28

---

[1] ECF No. 4.
[2] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

U.S.C. § 157(b)(2)(I), the instant motion contains core matters because it pertains to "determinations as to the dischargeability of particular debts."[3] Furthermore, this Court may only hear a case in which venue is proper.[4] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The main bankruptcy case is pending in this Court and therefore, venue is proper.

The pending dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(I).[5] Thus, this Court has constitutional authority to enter a final judgment.[6] Nevertheless, entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[7] Therefore, this Court need not determine whether it has constitutional authority to enter a final order because an interlocutory order is all that is required by the instant Motion for Summary Judgment.[8]

## A. Standard & burden of proof

Federal Rule of Civil Procedure ("*Rule*") 56 permits a party to move for summary judgment, "identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[9] Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56

---

[3] 28 U.S.C. § 157(b)(2)(I).
[4] 28 U.S.C. § 1408.
[5] ECF No. 1.
[6] *See, e.g., Badami v. Sears* (*In re AFY, Inc.*), 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West* (*In re Davis*), No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that Stern invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' Stern expressly provides that its limited holding applies only in that 'one isolated respect.' We decline to extend Stern's limited holding herein.") (citing *Stern v. Marshall*, 564 U.S. 462, 503, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011)).
[7] *West v. WRG Energy Partners LLC* (*In re Noram Res., Inc.*), 2011 Bankr. LEXIS 5183, at *3 (Bankr. S.D. Tex. Dec. 30, 2011).
[8] *Trevino v. HSBC Mortg. Servs.* (*In re Trevino*), 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015).
[9] FED. R. CIV. P. 56(a) (emphasis added).

in adversary proceedings.  Rule 56 states that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] Courts employing this standard of review must determine "not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon evidence before the court."[12] To prevail on summary judgment, the moving party has the burden of showing the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law.[13] A material fact is one "that might affect the outcome of the suit under the governing law."[14] A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving parties.[15]

Rule 56 creates a shifting burden. Once a properly supported motion for summary judgment is presented, "the nonmoving party must rebut with 'significant probative' evidence."[16] If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial.[17] When there is no genuine issue for trial, the Court should grant summary judgment.[18] In determining whether summary judgment is appropriate, a

---

[10] *Id.*

[11] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

[12] *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

[13] *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).

[14] *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir.1998).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

[16] *Ferguson v. Nat. Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978) (citations omitted).

[17] *LeMaire v. Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007).

[18] *Id.*

court is not to weigh evidence, assess its probative value, or resolve factual disputes,[19] but the facts must be reviewed with all "justifiable inferences" drawn in non-movants' favor.[20] Nevertheless, factual controversies will be resolved in non-movants' favor "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts."[21] If, however, the record could not lead a rational trier of fact to find for non-movants, summary judgment is appropriate.[22] While the Court may consider other materials in the record, it need only consider those actually cited.[23] Where the facts are undisputed and only questions of law exist, a court must apply the appropriate law to the facts to determine whether the moving party is entitled to judgment as a matter of law.[24]

## II.   ANALYSIS

In this summary judgment proceeding, Plaintiff has asked this Court to grant summary judgement in favor of Plaintiff and deem debt owed to him by Bernard Bergan ("*Defendant*") non-dischargeable under section 523(a)(19) of the Bankruptcy Code.[25]

### A.  The Complaint and Motion for Summary Judgment

Plaintiff filed its "Complaint Objecting To Dischargeability Of Debt Pursuant To 11 U.S.C. § 523"[26] ("*Complaint*") on June 27, 2025, initiating this adversary proceeding. The Complaint

---

[19] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).
[20] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.1998).
[21] *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir.1996).
[22] *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (1986).
[23] *Id.* (citing FED. R. CIV. P. 56(c)(3)).
[24] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991) ("Summary judgment is appropriate where only issue before court is pure question of law."); *see Barnes v. Allstate Ins. Co.*, 2014 U.S. Dist. LEXIS 51218, 2014 WL 1457696, at *1 (E.D. La. Apr. 14, 2014) ("Because the facts are undisputed and this motion presents only a question of law, resolution on summary judgment is appropriate.").
[25] ECF No. 4 at 3.
[26] ECF No. 1.

alleges that Plaintiff brought a suit against Defendant entitled *Reynaldo Hooks and Kevin Wong v. Bernard Bergan*, Case No. 17-2-19417-4 (the "*Securities Fraud Lawsuit*") in the Superior Court of the State Of Washington (the "*State Court*").[27] Plaintiff obtained a default judgement against Defendant in the Securities Fraud Lawsuit (the "*Default Judgement*").[28] Through the adversary proceeding, Plaintiff requests the Court to make a determination that the debt owed to Plaintiff by Debtor pursuant to the Default Judgment is non-dischargeable debt under § 523(a)(19).[29] Plaintiff now brings his Motion for Summary Judgment, asserting that the Default Judgement fully satisfies the requirements set forth in § 523(a)(19), and therefore, Plaintiff is entitled to judgement as a matter of law.[30]

## B. Standard under § 523(a)(19)

Section 523(a)(19) excepts from discharge any debt that is for:

**(i)**the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

**(ii)**common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

**(B)**results, before, on, or after the date on which the petition was filed, from—

**(i)** any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

**(ii)** any settlement agreement entered into by the debtor; or

**(iii)** any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.[31]

---

[27] ECF Nos. 1; 1-1 at 2.
[28] ECF No. 4-8.
[29] ECF No. 1 at 5.
[30] ECF No. 4.
[31] 11 U.S.C. § 523(a)(19).

In sum, § 523(a)(19) makes a debt non-dischargeable if two conditions are met. "First, the debt must be for a violation of state or federal securities law, or for common law fraud, deceit, or manipulation in connection with a sale of any security. Second, the debt must result from a judgement or court order."[32]

### C. The Default Judgment and Securities Fraud Lawsuit

The complaint in the Securities Fraud Lawsuit brings the following causes of actions to wit: (1) violation of state securities laws; (2) fraud; (3) negligent misrepresentation; (4) breach of contract; (5) breach of covenant of good faith and fair dealing; (6) promissory estoppel; (7) unjust enrichment; and (8) quantum meruit.[33]   On August 24, 2017, the State Court entered its Default Judgement awarding Plaintiff a total judgement amount of $405,305.61 consisting of the following: (1) a judgement in the amount of $391,189.84; (2) a judgment for attorneys' fees and costs in the amount of $14,115.77 and (3) any additional attorneys' fees incurred in enforcing the Default Judgement.[34]

### D. Whether Plaintiff is entitled to summary judgment that Defendant's Default Judgment debt to Plaintiff is non-dischargeable pursuant to § 523(a)(19)

The Court must now determine whether the Default Judgment fully satisfies the requirements of § 523(a)(19), such that Plaintiff is entitled to judgment as a matter of law.[35]

Generally, when a creditor relies on a state court judgement to show that a debt is non-dischargeable, the bankruptcy court may give prelusive effect to the state court judgment only if the elements of collateral estoppel are met.[36] Here, the Default Judgment was issued by the State

---

[32] *Nationwide Judgement Recovery Inc. v. Sorrells* (*In re Sorrells*), 644 B.R. 158, 164 (Bankr. E.D. Tex. 2022).
[33] ECF No. 4-2.
[34] ECF No. 4-8 at 8–9.
[35] ECF No. 4 at 3.
[36] *See Gober v. Terra+Corp. (In re Gober)*, 100 F.3d 1195, 1201 (5th Cir. 1996).

Court in Washington, and therefore, the Court would look to Washington law to determine the collateral estoppel effect of the Default Judgment.[37] Washington courts have recognized that the collateral estoppel doctrine only applies to issues that were "*actually and necessary litigated* and determined in [a] prior action."[38] Under Washington Law, default judgments generally do not meet the "actually litigated" requirement of collateral estoppel. [39] However, bankruptcy courts, including those within the Fifth Circuit, have recognized that reliance on a state court judgment for purposes of a §523(a)(19) action falls "outside the traditional analysis of issue preclusion principles."[40] As put aptly by one court:

> "Once a determination of securities violation or related fraud has been made by a non-bankruptcy tribunal, and proof of the entry of that order or the existence of a settlement is tendered to the bankruptcy court, the debt is rendered nondischargeable under § 523(a)(19) without proof of any additional element in a manner outside the traditional analysis of issue preclusion principles."[41]

As such, the Court finds that the Default Judgment may serve as a basis for rendering the debt arising out of the Default Judgment non-dischargeable, regardless of whether the Default Judgment could meet the "actually litigated" prong under the collateral estoppel doctrine.[42]

---

[37] *See Grogan v. Garner*, 498 U.S. 279, 283-84, 111 S. Ct. 654, 657-58 (1991) ("The validity of a creditor's claim is determined by rules of state law. . . . [H]owever, the issue of nondischargeability has been a matter of federal law governed by the terms of the Bankruptcy Code.").

[38] *See e.g., Davis v. Nielson*, 9 Wash. App. 864, 875, 515 P.2d 995, 1002 (1973) (emphasis in original).

[39] *Stephens v. Bigelow* (*In re Bigelow*), 271 B.R. 178, 184 (B.A.P. 9th Cir. 2001) ("A review of the scant Washington law on this subject reveals that a default judgment cannot support the 'actually litigated' requirement. Washington law (like federal law) follows the Restatement (Second) of Judgments, which espouses the view that a default judgment should have no collateral estoppel effect.").

[40] *See e.g.*, *Kokas v. Osborne* (*In re Osborne*), Nos. 16-40903, 16-4068, 2017 Bankr. LEXIS 931, at *10 (Bankr. E.D. Tex. Apr. 3, 2017); *Jenkins v. Jones* (In re Jones), 600 B.R. 561, 569 (Bankr. W.D. Tex. 2019) (following approach in *Osborne*).

[41] *In re Osborne*, Nos. 16-40903, 16-4068, 2017 Bankr. LEXIS 931, at *10.

[42] *See Wright v. Minardi* (*In re Minardi*), 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015) ("This unusual approach to the dischargeability of a particular debt as triggered by § 523(a)(19) . . . preempts and effectively extends the common law principles of issue preclusion, by giving preclusive effect to memorialized judicial decisions or settlements which have not been 'actually litigated.'").

The State Court, in its Default Judgement, made findings that Defendant violated Virginia and Washington state securities law and is liable for common law causes of actions in connection to the sale of securities to Plaintiff.[43] Specifically, the Default Judgement awards Plaintiff a total judgement amount of $405,305.61 consisting of the following: (1) a judgement in the amount of $391,189.84; (2) judgment for attorneys' fees and costs in the amount of $14,115.77 and (3) any additional attorneys' fees incurred in enforcing the Default Judgement.[44] The $391,189.84 is awarded on the basis of several alternative and independent theories of recovery, one of which was fraud under Washington and Virginia law, and the damages awarded for such fraud in the amount of $391,189.84 was calculated based on the value of stock promised to Plaintiff.[45] Additionally, the Default Judgment finds that Plaintiff is entitled to $14,115.77 of attorneys' fees and costs associated with the Securities Fraud Lawsuit under Washington and Virginia securities law.[46] Finally, the Default Judgment finds that Plaintiff is entitled to attorneys' fees and expenses incurred in collecting the Default Judgment.[47]

Given the findings and awards of damages and fees in the Default Judgement, the Court finds that Plaintiff has met his summary judgment burden of showing that there is no genuine dispute of material fact that the debt arising from the Default Judgment and owed to Plaintiff is for violations of securities laws or related fraud as outlined in § 523(a)(19)(A). Defendant has not filed a response or offered any evidence to rebut Plaintiff's showing that summary judgment is appropriate.[48] As

---

[43] ECF No. 4-8 at 6.
[44] ECF No. 4-8 at 8–9.
[45] ECF No. 4-8 at 6–7.
[46] ECF No. 4-8 at 8.
[47] ECF No. 4-8 at 8.
[48] *See Ferguson*, 584 F.2d at 114 ("[O]nce the moving party has properly supported his summary judgment motion, the nonmoving party must rebut with 'significant probative' evidence.").

such, the Court finds that there is no genuine dispute of material fact that the debt owed to Plaintiff by Debtor pursuant to the Default Judgment is debt for violations of securities laws or related fraud as outlined in § 523(a)(19)(A), and therefore, Plaintiff is entitled to judgement as a matter of law.

### III.   CONCLUSION

The Court will enter an accompanying judgment consistent with this Memorandum Opinion.

**SIGNED Monday, January 26, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**